IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SOLUTIONS IN HOMETOWN CONNECTIONS, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> KRISTI NOEM, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, ET AL., <br><br> Defendants. | Case No.: 8:25-cv-00885-LKG |

**SUPPLEMENTAL MEMORANDUM OF LAW REGARDING THE
SUPREME COURT ORDER IN *DEP'T OF EDUC. V. CALIFORNIA***

Pursuant to this Court's Order entered April 7, 2025, ECF No. 39, Defendants, by and through undersigned counsel, respectfully submit this Supplemental Memorandum of Law Regarding the Supreme Court Order in *Dep't of Educ. v. California*, 604 U.S. __ (2025), 2025 WL 1008354 (Apr. 4, 2025) (ECF No. 38-1, the "Supreme Court Order").

The facts underlying *Dep't of Educ. v. California* are undeniably similar to those presented in this case.[1]  Beginning on February 7, 2025, the Department of Education terminated more than 100 federal grants previously awarded to public schools and universities across the country under the Teacher Quality Partnership Program and Supporting Effective Educator Development Grant Program. On March 6, 2025, a collection of eight States filed suit against the Secretary of Education Linda McMahon and the Department of Education in the United States District Court for the District of Massachusetts, asserting that the grant terminations were arbitrary and capricious

---

[1] Indeed, Plaintiffs rely upon it in both their opening brief and reply. *See* ECF No. 30-1 at 15; ECF No. 36 at 2, 8.

and contrary to law in violation of the Administrative Procedure Act (the "APA").  The States simultaneously sought a temporary restraining order ("TRO").

The district court granted the TRO, which enjoined the government from terminating the grants and further required the government to pay out past-due grant obligations and to continue paying obligations as they accrue.  *See California v. U.S. Dep't of Educ.*, No. 25-cv-10548-MJJ, 2025 WL 760825 (D. Mass. Mar. 10, 2025).  The government appealed the TRO to the United States Court of Appeals for the First Circuit and simultaneously sought to stay the district court's order pending resolution of the appeal.  The First Circuit denied the motion to stay.  *See California v. U.S. Dep't of Educ.*, App. No. 25-1244, 2025 WL 878431 (1st Cir. Mar. 21, 2025).

The government then asked the United States Supreme Court to stay the district court's order pending resolution of the appeal.  On April 4, 2025, the Supreme Court granted the government's request to stay the district court's TRO.  *See* Supreme Court Order (ECF No. 38-1).

The Supreme Court Order significantly impacts the viability of the instant case overall and, in particular, Plaintiffs' Motion for Temporary Restraining Order, Preliminary Injunction & APA § 705 Stay, ECF No. 30 (the "Motion").  The Supreme Court Order precludes this Court from granting the Motion for at least two reasons[2]:

*First*, the Supreme Court found that the States did not show irreparable harm.  *See* Supreme Court Order at 2 ("the Government compellingly argues that respondents would not suffer irreparable harm while the TRO is stayed").  The plaintiff States in *California* alleged that the grant recipients had been irreparably harmed because, as a result of the grant terminations, they

---

[2] In determining whether to enter a stay pending appeal, the Supreme Court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 425–26 (2009).

had to fire multiple employees, cancel programming, end support for currently enrolled students, and eliminate financial assistance to incoming students.[3] These harms are remarkably similar to those alleged by Plaintiffs in this case, which include the layoff of employees and the shutting down of programming. *See* ECF No. 36 at 10-11. This Court cannot, consistent with the Supreme Court Order, find that Plaintiffs in this case have established irreparable harm. Accordingly, the Motion should be denied.

*Second*, the Supreme Court found that "the Government is likely to succeed in showing the District Court lacked jurisdiction to order the payment of money under the APA," because "the Tucker Act grants the Court of Federal Claims jurisdiction over suits based on 'any express or implied contract with the United States.'" *See* Supreme Court Order at 1-2. This Court cannot, consistent with the Supreme Court Order, find that Plaintiffs are likely to succeed on the merits of their claims given the likely lack of subject matter jurisdiction. Indeed, this holding by the Supreme Court directs that, not only should the Motion be denied, but a substantial majority of Plaintiffs' claims[4] should be dismissed for lack of jurisdiction. Defendants intend to file a motion

---

[3] Justice Jackson, in dissent, identifies the alleged harms as including the following: "Boston Public Schools has already had to fire multiple full-time employees due to this loss of grant funding"; "the College of New Jersey has canceled the remainder of its teacher-residency program for the same reason"; "Chicago Public Schools—which already faces a multimillion-dollar budget deficit—may have to shut down its successful teacher-pipeline program"; and "California State University has ended support for 26 students currently enrolled in its teacher-residency program and has eliminated financial assistance for about 50 incoming students." Supreme Court Order at 15-16 (Jackson, J., dissenting).

[4] As stated in Defendants' opposition brief, *see* ECF No. 32 at 16-17 n.12, Defendants do not contest subject matter jurisdiction based on the Tucker Act with respect to Plaintiff Immigrant Law Center of Minnesota ("ILCM"), because ILCM's FY2024 grant (unlike the other Plaintiffs' FY2023 grants) expressly disclaims the availability of money damages. Nevertheless, Defendants assert that subject matter jurisdiction is lacking over all Plaintiffs, including ILCM, because Plaintiffs challenge funding decisions that are committed to agency discretion by law. *See* ECF No. 32 at 20-21. In any case, if ILCM is the only remaining Plaintiff in this action, venue in Maryland is not proper, and Defendants expect to seek to dismiss and/or transfer ILCM's claims to Minnesota where ILCM is headquartered. *See* ECF No. 1 (Complaint) ¶ 16.

seeking such relief if and when the Motion is denied.

Dated:  April 7, 2025

                                          Respectfully submitted,

                                          Kelly O. Hayes
                                          United States Attorney

By:    */s/  Jessica Dillon*
        Jessica F.W. Dillon (Bar No. 19249)
        Rebecca A. Koch (Bar No. 802108)
        Assistant United States Attorney
        36 South Charles Street, 4th Floor
        Baltimore, Maryland 21201
        (410) 209-4892 (direct)
        (410) 962-2310 (fax)
        jessica.dillon@usdoj.gov
        rebecca.koch@usdoj.gov

        *Counsel for Defendants*